**08 C 1245**

**JUDGE BUCKLO**
**MAGISTRATE JUDGE COLE**

# EXHIBIT A

Attorney No. 25161

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF C O O K    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

WILLIAM MARTIN                  )
                                )
    Plaintiff,                  )
                                )
        vs                      ) No.    03L 015944
                                )        CALENDAR C
WITCHER CONSTRUCTION CO., a     )        OTHER PERSONAL INJ
Minnesota corporation           )
                                )
    Defendants,                 )

## COMPLAINT AT LAW

NOW COMES plaintiff, WILLIAM MARTIN, by and through his attorneys, JOHN M. MOLLOY & ASSOCIATES, and complaining of defendants, WITCHER CONSTRUCTION CO., a Minnesota corporation, states as follows:

1. On August 23, 2002, defendant, WITCHER CONSTRUCTION CO., a Minnesota corporation, was a general contractor engaged in the construction of a commercial facility property situated at or about Naperville Road and 75th Street in Bolingbrook, County of Cook and State of Illinois.

2. On August 23, 2002, plaintiff, WILLIAM MARTIN, was a foreman employed by Cybor Fire Protection Company to install the overhead sprinkling system.



3. In the performance of his work, plaintiff was required to traverse various job sites on foot to get to the various installation areas.

4. On August 23, 2002, plaintiff was working across an area where there were trenches covered with steel plates.

5. Further, the trenches were lined at the sides with vertical exposed sheet metal.

6. That the steel plates intended to cover the trenches were not bolted down or secured in any fashion.

7. That the sheet metal inserts were not secured n the trenches.

8. That no plywood or overlapping material was covering the trenches.

9. At all times material hereto, it was the duty of defendant to exercise ordinary care in the operation management, maintenance and control of the aforesaid construction site to prevent injury to plaintiff.

10. As the general contractor, defendant, WITCHER CONSTRUCTION CO., A Minnesota corporation, retained control over the safety of the work then and there being performed and had a duty to exercise that control with ordinary care.

11. That in violation of the duty expressed in paragraph 10, defendant carelessly and negligently did, or failed to do, one or more of the following acts:

a. Failed to initiate and maintain or negligently initiated and maintained such safety programs as were necessary to keep the job site reasonably safe and to comply with 29 CFR, section 1926.20(b)(1);

b. Failed to provide for frequent and regular inspections of the job site, materials, and equipment in order to keep the job site reasonably safe and to comply with 29 CFR, Section 1926.20(b)(2);

c. Failed to conduct or negligently conducted safety meetings and/or "tool box meetings" to insure the job site was kept reasonably safe in violation of industry standards jobsite safety procedures;

d. Failed to appropriately monitor the sub-contractors to insure that said subcontractors conducted weekly "tool box meetings" to provide their employees with up-to-date safety information in violation of industry standards jobsite safety procedures;

e. Failed to insure that the daily business operations of the subcontractors were being conducted in a reasonably safe manner in violation of industry standard jobsite safety procedures;

f. Failed to initiate and/or participate in periodic inspection tours and failed to insure that the subcontractors initiated and/or participated in periodic inspection tours of the work site, in violation of industry standard jobsite safety procedures;

g. Failed to initiate and/or participate in regular focus inspections of the job site, particularly the flooring, in violation of industry standards safety procedure;

h. Failed to comply with generally accepted industry standards and practices regarding the unfinished flooring in the generally traversed areas;

i. Failed to comply with the terms of its own contract regarding the standards and specifica-

tions regarding flooring and safety on jobsite;

j. Failed to comply with the terms of its own contract regarding the standards and specifications regarding exposed unfinished flooring unsecured cover-up;

k. Failed to comply with the terms of its own contract regarding the standards and specifications regarding exposed unsecured sheet metal;

l. Failed to comply with the terms of its own contract regarding the standards and specifications regarding no overlap plywood;

m. Failed to comply with the terms of its own contract regarding the standards and specifications regarding allowed sub-contractor to partially construct and leave flooring in a hazardous condition.

n. Operated, managed, maintained and controlled said construction site so as a direct and proximate result thereof, plaintiff was injured;

o. Failed to properly supervise the work being then and there performed;

p. Failed to coordinate, or negligently coordinated, the progress of the work allowing work area to be left in such a manner that it caused injury to plaintiff;

q. Failed to warn plaintiff that the flooring was loose and dangerous in such proximity to the walking area that it was unreasonably dangerous for him to be present traversing the general area where the injury occurred;

r. Failed to provide plaintiff with a reasonably safe place to work.

12. By reason of the premises and as a direct and proximate result of the aforesaid careless and negligent acts, or omissions, of defendant, plaintiff was caused to suffer divers temporary and permanent disabling injuries to his person as a

result of which he became and was sick, sore, lame and disordered and has suffered, and will continue to suffer, great pain and agony in body and mind, and was caused to lay out and expend, and did lay out and expend, and by reason of said permanent injuries which he has sustained will be compelled to lay out and expend in the future, divers sums of money for medical care an attention; plaintiff has suffered great emotional distress and does now so suffer and will continue to suffer in the same manner in the future; plaintiff was greatly hindered and prevented, and will be greatly hindered and prevented in the future from following his ordinary affairs and duties and has lost and will continue to lose great gains he would otherwise have made and acquired.

WHEREFORE, plaintiff, WILLIAM MARTIN, asks judgment against defendant, WITCHER CONSTRUCTION CO., a Minnesota Corporation, in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs of this action.

JOHN M. MOLLOY & ASSOCIATES

By _____

JOHN M. MOLLOY & ASSOCIATES
Attorneys for Plaintiff
Attorney No. 25161
20 S. Clark Street, Suite 2000
Chicago, Illinois 60603
312/346-4444