**08 C 1245**

**JUDGE BUCKLO**
**MAGISTRATE JUDGE COLE**

# EXHIBIT E

**united national group®**

United National Insurance Company*
Diamond State Insurance Company*
United National Specialty Insurance Company*
United National Casualty Insurance Company

Three Bala Plaza, East
Suite 300
Bala Cynwyd, PA 19004
Main: (610) 664-1500
Fax: (610) 660-8882
Claims: (610) 660-8877
www.unitednat.com

Stanley Doniger
Direct Line: 610-747-1046
Fax:             610-660-8885
E-Mail:  sdoniger@unitednat.com

March 17, 2004

**By Certified Mail – Return Receipt Requested**
**# 7000 1530 0000 5408 3327 and Facsimile**

Ms. Pamela L. Fetchina
Senior Claim Representative
St. Paul Mercury Insurance Company
500 West Madison Street Suite 2600
Chicago, Illinois 60661

Re:   Claim:   *William Martin v. Witcher Constr. Co.*, Civil Action No. 03L015944 (Cook County, Illinois) (the "Martin Action")

|  |  |
|---|---|
| UN Insured: | Cybor Fire Protection Company ("Cybor") |
| UN Policy No. | L7156303 |
| UN Claim No. | 040-0509-U |
| Date of Loss | 08/23/02 |
| St. Paul Insured: | Witcher Construction Company ("Witcher") |
| St. Paul Claim No. | KK0800094609T097 |

### COVERAGE DISCLAIMER

Dear Ms. Fetchina:

United National Insurance Company ("United") hereby acknowledges receipt of your letter to Cybor Fire Protection Company dated February 26, 2004, which you copied to United, asserting coverage on behalf of Witcher under the above-referenced United National policy (the "United Policy"). You have provided, along with your letter, a copy of the Complaint filed by William Martin against Witcher in the Martin Action (the "Underlying Complaint"), as well as what you identify as an insurance certificate and a subcontract agreement. This letter is to inform you that based upon the materials you have provided and United's investigation of this claim, it appears that coverage is not

0302467U-968/2003



EXHIBIT
E

March 17, 2004
Page 2

provided or is excluded under the terms of the United Policy. Accordingly, for at least the following reasons, United hereby disclaims coverage for this claim.

As an initial matter, you have provided certain documents with your letter. **First**, you provided a "subcontract agreement" under which you state that "Cybor agreed to provide additional insured coverage to Witcher on a primary/non-contributory basis." The copy of the subcontract agreement that you have attached to your letter is unsigned. United's investigation indicates that the subcontract agreement was never executed by the parties. Therefore, there are serious issues as to whether there was, in fact, a "subcontract agreement whereby Cybor agreed to provide additional insured coverage to Witcher...."
If you have information to the contrary regarding execution of the agreement, please provide it to us. **Second**, your letter refers to and attaches an "insurance certificate." Any obligations of United are set forth in the United Policy, and cannot be modified or extended by the terms of any insurance summary or certificate. If St. Paul disagrees with this proposition, please provide us with a written response setting forth the authority for your position.

The United Policy contains an additional insured endorsement. A copy of that endorsement is attached for your reference. That endorsement provides as follows:

> **ADDITIONAL INSURED – ENDORSEMENT**
>
> This endorsement modifies insurance provided under the following:
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> WHO IS AN INSURED (SECTION II) is amended to include the person or organization shown in the Schedule below, but only as respects liability imposed or sought to be imposed on such additional insured because of an alleged act or omission of the name insured.
>
> 1. If liability for injury or damage is imposed or sought to be imposed on the additional insured because of:
>
>    a. Its own acts or omissions, this insurance does not apply;
>
>    b. Its acts or omissions and those of the named insured, as to defense of the additional insured, this insurance will act as coinsurance with any other insurance available to the additional insured, in proportion to the limits of liability of all involved policies, and the Other Insurance provisions of this policy (SECTION IV – CONDITIONS) are amended accordingly. However, this

>    insurance does not apply to indemnity of the additional
>    insured for its own acts or omissions.

2. If an agreement between the named insured and the additional insured providing indemnity or contribution in favor of the additional insured exists or is alleged to exist, the extent and scope of coverage under this insurance for the additional insured will be no greater than the extent and scope of indemnification of the additional insured which was agreed to by the named insured.

3. The naming of an additional insured will not increase our limit of liability.

As set forth above, by its express terms, coverage to the additional insured does not apply if the liability for injury or damage is imposed or sought to be imposed on the additional insured for its own acts or omissions. The Complaint alleges that Witcher is liable based on its own acts or omissions.

The endorsement contains additional limitations on coverage. First, even to the extent both Witcher and Cybor were sued, as to the defense of the additional insured, the United Policy would "act as co-insurance with any other insurance available to the additional insured, in proportion to the limits of liability of the involved policy." That provision continues, however, that "[t]his insurance does not apply to indemnity of the additional insured for its own actions or omissions." Second, the endorsement states that "the extent and scope of coverage under the insurance for the additional insured will be no greater than to the extent and scope of indemnification of the additional insured which is agreed to by the named insured." As set forth above, there are serious issues as to whether any indemnification provision was agreed to by the parties. Assuming, however, as Witcher has asserted, that the indemnification provisions those which were contained in Cybor's proposed modifications sent to Witcher on or about December 18, 2002, Cybor's modifications limit the indemnification to acts or omissions of the subcontractor, and Cybor specifically struck language that would have extended the indemnification to loss or expense caused in part by the indemnified party. Moreover, as you may be aware, by statute in Illinois, agreements that purport to indemnify or hold harmless another from that person's own negligence are void on public policy grounds. The Illinois statute known as the Construction Contracts Indemnification for Negligence Act provides as follows:

>    With respect to contracts or agreements, either public or private,
>    for the construction, alteration, repair or maintenance of a build-
>    ing, structure, highway bridge, viaduct, or other work dealing
>    with construction, or for any moving, demolition, or excavation
>    connected therewith, every covenant, promise or agreement to
>    indemnify or hold harmless another person from that person's

March 17, 2004
Page 4

> own negligence is void as against public policy and wholly unenforceable.

740 ILCS 35. If St. Paul disagrees that this statute would preclude indemnification for Witcher's own negligence, please provide a written response citing the applicable authority.

The United Policy contains additional terms, conditions, and exclusions. Notably, as a condition precedent to coverage, the United Policy requires that the insured provide timely notice of "an occurrence" or an offense which may result in a claim, and to immediately notify United if a "suit" is brought against any insured. The Policy states in relevant part as follows:

> **SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS**
>
> * * *
>
> **2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**
>
> a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense, which may result in a claim. To the extent possible, notice should include:
>
> > (1) How, when and where the "occurrence" or offense took place;
> >
> > (2) The names and addresses of any injured persons and witnesses; and
> >
> > (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.
>
> b. If a claim is made or "suit" is brought against any insured, you must:
>
> > (1) Immediately record the specifics of the claim or "suit" and the date received; and
> >
> > (2) Notify us as soon as practicable.
>
> * * *

March 17, 2004
Page 5

Our investigation indicates that Mr. Martin was injured on the job site on August 23, 2002. United did not receive timely notice as required by the United Policy; moreover, your letter of February 26, 2004, is United's first notice under the policy on behalf of Witcher.

### Conclusion

For at least the reasons set forth above, United hereby informs you that the claim is not covered under the Policy. By reviewing this matter, including our review of the materials you have provided or may provide, United does not waive the right to disclaim coverage on the same or additional grounds, or, to reserve our rights based upon the same or additional grounds. Nothing in this letter is intended to be, nor should it be construed as, a waiver of any rights United may have under the policy or applicable law. United hereby expressly reserves all of its rights with respect to this claim.

United expressly informs you that we are willing to re-evaluate our position based upon review of any additional facts and/or legal authority. To the extent you believe you have additional materials that may bear on coverage, we ask that you forward these to United for additional review and consideration.

UNITED NATIONAL INSURANCE CO.

Stanley Doniger
Claims Examiner

cc: Paula Brewis
    All Risk Limited-Security Guard
    1920 Greenspring Drive Suite 200
    Timonium, MD 21093

    G A Crandall & Co. Inc.
    6851 West 167th Street
    Tinley Park, IL 60477

    Dave Baron
    Cybor Fire Protection
    5123 Thatcher Road
    Downers Grove, IL 60515

    George A. Hesik, Esq.
    625 Plainfield Road Suite 436
    Willowbrook, IL 60527